[754 NYS2d 791]

In the Matter of ROGER C. SCOTT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 2002

### APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Terrence M. Connors,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 21, 1978. On February 8, 2000, he was convicted in the United States District Court for the Western District of

New York (District Court) of conspiracy to defraud the Internal Revenue Service (IRS) and filing a false income tax return, in violation of 18 USC § 371 and 26 USC § 7206 (1), respectively. Both crimes are federal felonies. Respondent was sentenced on November 2, 2000, to a 27-month term of imprisonment and was directed to forfeit cash in the amount of $20,000. By order entered March 8, 2000, this Court suspended respondent and directed him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (a) and (e). Respondent appeared before this Court in response to the order to show cause and argued that the crimes of which he was convicted were not essentially similar to New York felonies and that disbarment was not mandated pursuant to statute. This Court determined that there was no corresponding felony in New York and that respondent was entitled to a hearing prior to disposition pursuant to Judiciary Law § 90 (4) (h). After the completion of his sentence, respondent waived his right to a hearing and appeared before this Court and submitted matters in mitigation.

The plea agreement entered into by respondent in District Court establishes that in order to assist a client engaged in drug trafficking to conceal from the IRS income obtained through drug trafficking, respondent arranged for deeds for parcels of real property that had been purchased by the client to be placed in respondent's name or in the names of others, and, falsely reported on an income tax form that respondent had realized a gain from the sale of real property when, in fact, the property had been purchased by the client.

We have considered the matters submitted by respondent in mitigation. Respondent, however, used his law license to commit crimes and to aid another in the commission of crimes. Accordingly, given the gravity of respondent's crimes, we conclude that respondent should be disbarred (*see Matter of Gawel*, 219 AD2d 338).

GREEN, J.P., HAYES, WISNER, SCUDDER and LAWTON, JJ., concur.

Order of disbarment entered.