[755 NYS2d 768]

In the Matter of MICHAEL E. BRYANT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 2002

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Richard T. Tucker,* Worcester, Massachusetts, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 11, 1990. On December 18, 2001, respondent was convicted after a jury trial in the Superior Court of Worcester County, Massachusetts, of three felony counts of conspiracy to commit larceny, in violation of Massachusetts General Laws ch 274, § 7. Respondent was sentenced on January 2, 2002, to three concurrent terms of imprisonment of 2½ years, with 1½ years suspended, and a five-year term of conditional probation. The execution of sentence has been stayed pending the determination of respondent's appeal. Respondent has been suspended from the practice of law in Massachusetts and further disciplinary proceedings in Massachusetts have been deferred pending the determination of respondent's appeal.

This Court, upon receipt of proof of respondent's conviction, suspended respondent by order entered May 31, 2002, and directed respondent to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (a) and (e). Respondent waived his appearance in writing and submitted papers in lieu of an appearance. Respondent requests that we defer further proceedings in this matter pending the determination of his appeal in Massachusetts.

Respondent was convicted of conspiring with his law partners, a client, and a physician to commit larceny by presenting to insurance companies fraudulent claims for damages. There is no corresponding felony in New York. Respondent, however, has been convicted of a serious crime pursuant to Judiciary Law § 90 (4) (d).

We deny the request of respondent to defer further proceedings in this matter pending the outcome of his appeal. Should respondent's conviction be reversed on appeal, respondent may move to vacate our order of discipline (see Judiciary Law § 90 [5] [a]).

Respondent used his law license to commit crimes and to aid others in the commission of crimes. Accordingly, we conclude that respondent should be disbarred (see Matter of Scott, 301 AD2d 166).

PINE, J.P., HAYES, HURLBUTT, KEHOE and BURNS, JJ., concur.

Order of disbarment entered.