[759 NYS2d 407]

In the Matter of PAUL R. BARBOUR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 7, 2003

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Paul R. Barbour*, Baldwinsville, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1987. On May 31, 2000, he was convicted in the

United States District Court for the Northern District of New York (District Court) of conspiracy to defraud Nationwide Insurance Company (Nationwide) through the use of the mails, in violation of 18 USC § 371, a federal felony. Respondent was sentenced on April 4, 2001, to an 18-month term of imprisonment and ordered to pay restitution in the amount of $195,000. Upon receipt of proof of respondent's conviction, this Court, by order entered July 17, 2000, suspended respondent and directed him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (a) and (e). Respondent appeared before this Court in response to the order to show cause and argued that the crime of which he was convicted was not essentially similar to a New York felony and that disbarment was not mandated by statute. This Court determined that there was no corresponding felony in New York and that respondent was entitled to a hearing prior to disposition pursuant to Judiciary Law § 90 (4) (h). Respondent waived his right to a hearing, appeared before this Court and submitted matters in mitigation.

The plea agreement entered into by respondent in District Court establishes that respondent, while employed as a claims attorney for Nationwide, agreed with another to defraud his employer by causing checks to be issued as payment for medical evaluations that were not performed.

We have considered the matters submitted by respondent in mitigation. This Court has held, however, that, when an attorney uses his law license to commit crimes and to aid another in the commission of crimes, the appropriate sanction is disbarment (see Matter of Bryant, 301 AD2d 285; Matter of Scott, 301 AD2d 166). Accordingly, we conclude that respondent should be disbarred.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of disbarment entered.