[786 NYS2d 869]

In the Matter of JOHN GEORGE SIRACUSA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2004

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*John George Siracusa*, Morgantown, West Virginia, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, First Department, on January 26, 1976. On November 14, 2003, respondent was convicted upon his plea of guilty in the United States District Court for the Western District of New York (District Court) of obstruction of justice, in violation of 18 USC § 1503. The plea was entered in satisfaction of a 15-count indictment charging respondent with the commission of various crimes arising from his involvement with a coconspirator in a fraudulent scheme to obtain funds from investors under false pretenses. Respondent, in furtherance of the scheme, used his attorney trust account to divert the funds of investors. Additionally, he admitted during the plea allocution that he produced false documents in response to a grand jury subpoena in a deliberate attempt to mislead the grand jury and obstruct the investigation. This Court determined that obstruction of justice is a serious crime and entered an order on December 11, 2003, suspending respondent and directing him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (f) and (g).

On May 28, 2004, respondent was sentenced in District Court to a term of imprisonment of 39 months, followed by a two-year period of postrelease supervision. Respondent agreed, as a condition of the plea, to the payment of restitution in an amount to be determined by District Court. An amended judgment was subsequently entered directing respondent to make restitution in the total amount of $2,257,180.70.

Following the imposition of sentence, respondent appeared before this Court in response to the order to show cause and submitted matters in mitigation.

We have considered the mitigating factors submitted by respondent. This Court has held, however, that when an attorney uses his law license to commit crimes and to aid another in the commission of crimes, the appropriate sanction is disbarment (*see Matter of Barbour*, 304 AD2d 15 [2003]; *Matter of Bryant*, 301 AD2d 285 [2002]; *Matter of Scott*, 301 AD2d 166 [2002]). Accordingly, we conclude that respondent should be disbarred.

PIGOTT, Jr., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of disbarment entered.