[915 NYS2d 774]

In the Matter of STEVEN P. MANCUSO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2010

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*J. Scott Porter*, Seneca Falls, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 19, 2002. On October 28, 2009, respondent was convicted after a jury trial in the United States District Court for the Northern District of New York (District Court) of engaging in a conspiracy to defraud the United States in violation of 18 USC § 371, a federal felony. On June 10, 2010, respondent was sentenced in District Court to a term of imprisonment of 44 months, followed by a three-year term of probation.

This Court determined that a violation of 18 USC § 371 is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and, on June 23, 2010, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (f) and (g) (*Matter of Mancuso*, 75 AD3d 1113 [2010]). Respondent's counsel appeared before this Court in response to the order to show cause and presented matters in mitigation.

At the trial in District Court, the jury found that respondent had conspired with his brother to commit mail fraud (18 USC § 1341) and to violate certain provisions of the Clean Air Act (42 USC § 7401 *et seq.*) and the Comprehensive Environmental Response, Compensation, and Liability Act (42 USC § 9601 *et seq.*), by engaging in conduct that included creating fraudulent partnerships and sending false legal documents to customers to conceal the true nature of the illegal asbestos business conducted by respondent's brother. At the sentencing hearing, District Court specifically found that respondent had used his legal skills in furtherance of the criminal conspiracy that formed the basis for his conviction.

We have considered the matters submitted by respondent in mitigation. This Court has held, however, that "when an attorney uses his law license to commit crimes and to aid another in the commission of crimes, the appropriate sanction is disbarment" (*Matter of Siracusa*, 14 AD3d 138 [2004]; *see Matter of Barbour*, 304 AD2d 15 [2003]; *Matter of Bryant*, 301 AD2d 285 [2002]). Accordingly, we conclude that respondent should be disbarred.

MARTOCHE, J.P., CARNI, LINDLEY and GREEN, JJ., concur.

Order of disbarment entered.