*53 OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on January 15, 1987. On February 23, 2011, he was convicted after a jury trial in the United States District Court for the Western District of New York (District Court) of 26 counts of mail fraud in violation of 18 USC § 1341, a federal felony. Respondent was also convicted of one count of felony conspiracy to commit mail fraud in violation of 18 USC § 1349. On March 9, 2011, this Court entered an order suspending respondent and directing him to appear before this Court on April 12, 2011, and to show cause why a final order of discipline should not be entered based upon his convictions (Matter of Lagona, 82 AD3d 1717 [2011]). By letter to the Grievance Committee dated April 8, 2011, respondent stated that he intended to surrender his license to practice law voluntarily, effective April 12, 2011, and that he reserved the right to apply to this Court for reinstatement in the event his convictions were overturned. The Grievance Committee thereafter forwarded respondent’s proposed resignation to this Court, but respondent did not file with this Court any papers in response to the order to show cause and he did not appear before this Court on the return date thereof. By letter dated May 2, 2011, this Court advised respondent that his proposed resignation had been rejected because it did not comply with this Court’s rule governing resignation by an attorney during the pendency of a disciplinary proceeding or investigation (see 22 NYCRR 1022.26 [a]). On May 19, 2011, respondent filed with this Court a proposed disciplinary resignation in which he admitted only that he had been convicted of the aforementioned federal felonies, but denied that he had engaged in the conduct upon which those convictions were based. Respondent further stated that he had filed motions in District Court and an appeal in a federal appellate court challenging his convictions. While respondent was awaiting sentencing by District Court, the Grievance Committee advised this Court that, on December 18, 2012, respondent entered a plea of guilty in District Court to one count of obstruction of justice, in violation of 18 USC § 1503, a federal felony. On March 20, 2013, respondent was sentenced in District Court with respect to all of the convictions referenced herein. District Court imposed a term of incarceration of 108 months on the mail fraud and conspiracy convictions; a consecutive term of incarceration of 12 months on the obstruction of justice conviction; and an additional consecutive term of incarceration of 12 months, pursuant to 18 USC § 3147, for his *54 commission of an offense while on release pending sentence. District Court also imposed a three-year term of probation. Following receipt of a certified copy of the minutes of the sentencing hearing in District Court, this Court, by order entered June 20, 2013, directed respondent to show cause on October 22, 2013, why a final order of discipline should not be entered. Respondent was served with that order on August 27, 2013. On October 21, 2013, this Court received a letter from respondent, dated October 12, 2013, wherein he requested, without citation to any legal authority, that this Court appoint an attorney to represent him in this proceeding. On October 22, 2013, counsel for the Grievance Committee appeared before this Court on the return date of the show cause order. Respondent, who is currently incarcerated in a federal prison, did not file any papers in response to the show cause order other than his letter dated October 12, and he did not arrange for counsel to appear on his behalf.
Respondent’s letter request seeking appointment of counsel in this matter is procedurally improper inasmuch as he failed to file with this Court a motion for such relief pursuant to CPLR article 11. In any event, we deny that request in the exercise of our discretion.
Respondent has been convicted of numerous federal felonies. At the trial in District Court on the mail fraud and conspiracy charges, the jury found that respondent and two other individuals had used two investment firms to conduct a fraudulent investment scheme. Respondent acted as in-house counsel to the investment firms. At the sentencing hearing, District Court noted that respondent’s participation in the scheme included drafting certain financial instruments that were sold to investors on the false premise that funds received from the investors would be used to purchase highly appreciating real estate or local businesses. District Court further noted that, inasmuch as respondent was responsible for closing real estate transactions on behalf of the investment firms, he must have known that no such purchases were being made. Funds received from investors were instead used to pay operating expenses, to pay generous salaries to respondent and his coconspirators, and to satisfy obligations to existing investors. District Court determined that approximately 94 investors lost a total of $6.3 million as a result of the scheme.
In pleading guilty to the obstruction of justice charge, respondent admitted that, while he was awaiting sentencing on the *55 mail fraud and conspiracy convictions, he sought to influence through improper means the United States Attorney whose office was prosecuting those charges. Respondent admitted that, in November 2012, he approached the United States Attorney’s spouse, who at that time was campaigning for reelection to political office, and offered to assist her political campaign in exchange for the United States Attorney’s dismissal of the charges or agreement to a reduced sentence.
In determining an appropriate sanction in this matter, we have considered that respondent has committed serious misconduct and has failed to present to this Court any substantial mitigating factors. Respondent, as in-house counsel to two investment firms, participated in a fraudulent investment scheme that resulted in investor losses exceeding $6 million. This Court has repeatedly held that, “when an attorney uses his law license to commit crimes and to aid another in the commission of crimes, the appropriate sanction is disbarment” (Matter of Mancuso, 80 AD3d 204, 205 [2010] [internal quotation marks omitted]; see Matter of Siracusa, 14 AD3d 138, 139 [2004]; Matter of Barbour, 304 AD2d 15, 16 [2003]; Matter of Bryant, 301 AD2d 285, 286 [2002]). Based upon all of the factors in this matter, we conclude that respondent should be disbarred.
Centra, J.E, Peradotto, Bindley and Whalen, JJ., concur.
Order of disbarment entered.